# UNITED STATES DISTRICT COURT

for the
### Western District of Kentucky
### Bowling Green Division

| | | |
|---|---|---|
| Demetrice Kirkwood | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. `1:16-cv-164-GNS` |
| | ) | |
| Atlantic Credit & Finance | ) | |
| Special Finance Unit III, LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| Gentry Locke Rakes & Moore LLP | ) | |
| P.O. Box 40013 | ) | |
| Roanoke, VA 24022-0013 | ) | |

## CLASS ACTION COMPLAINT
## and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is an action by a consumer seeking injunctive relief and damages for herself and on behalf of all similarly-situated Kentucky citizens for Defendant Atlantic Credit & Finance Special Finance Unit III, LLC's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2.      Atlantic Credit & Finance Special Finance Unit III, LLC ("Atlantic") filed a lawsuit against Plaintiff Demetrice Kirkwood on February 24, 2015 in the District Court of Warren County, Kentucky in an attempt to collect a debt. Atlantic obtained a default judgment against Ms. Kirkwood in that action on June 16, 2015. At no time after the date of entry of the default judgment against Ms. Kirkwood did Atlantic file a bill of costs as required by Ky. R. Civ. P. 54.04 in order to recover authorized court costs expended during litigation.

3.      On July 7, 2015, Atlantic recorded a notice of judgment lien with the County Clerk of Warren County pursuant to the judgment against Ms. Kirkwood, paying a statutory recording fee of $13.00 for doing so.

4.      Between March 3, 2016 and March 23, 2016, Atlantic attempted to collect the default judgment against Ms. Kirkwood by means of three garnishments. In its garnishments against Ms. Kirkwood, Atlantic sought to collect purported court costs expended, even though it had not filed a Ky. R. Civ. P. 54.04 bill of costs.

5.      Atlantic also sought in its garnishments to collect its $13.00 lien recording fee for recording the notice of judgment lien against Ms. Kirkwood, even though this recording fee is not recoverable as a court cost under Kentucky law.

6.      As a pattern and practice Atlantic has collected or attempted to collect court costs after obtaining judgment against numerous other Kentucky consumers via similar debt collection lawsuits, like the lawsuit against Ms. Kirkwood, and for which it did not comply with the requirements of filing and serving a bill of costs as required by Ky. R. Civ. P. 54.04 prior to collecting or attempting to collect such court costs.

7.      Atlantic has also as a pattern and practice collected or attempted to collect collection expenses, such as lien recording fees, as court costs from numerous other Kentucky consumers, even though these collection expenses are not recoverable as court costs under Kentucky law.

8.      These acts by Atlantic in illegally attempting to collect or collecting a consumer debt violate the FDCPA for which Ms. Kirkwood on behalf of herself and members of proposed classes seek statutory damages, actual damages, and injunctive relief.

## JURISDICTION

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

10.      Plaintiff Demetrice Kirkwood is a natural person who resides in Warren County, Ky.  Ms. Kirkwood is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

11.      Defendant Atlantic Credit & Finance Special Finance Unit III, LLC ("Atlantic") is a Virginia limited liability company which is not registered with the Kentucky Secretary of State. Atlantic is engaged in the business of purchasing debts from creditors and collecting these debts in this state. Atlantic's principal place of business is located at 3353 Orange Avenue NE, Roanoke, VA 24012.

12.      Atlantic is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

### I.      Facts as to Demetrice Kirkwood

13.      On February 24, 2015, Atlantic filed a complaint in the Warren District Court of Warren County, Kentucky against Ms. Kirkwood under case number 15-C-00495 (the "State Court Suit") in an attempt to collect a defaulted credit account originally due and owing to Synchrony Bank, formerly known as GE Capital Retail Bank ("Synchrony").

14.      Ms. Kirkwood used the Synchrony account at the basis of the State Court Suit exclusively for personal, family, and household purposes, which makes the debt a "debt" within

the meaning of the FDCPA.

15.     On June 16, 2015, Atlantic obtained a default judgment in the State Court Suit (the "Judgment"). A copy of the Judgment is attached hereto as Exhibit "A."

16.     The Judgment awarded Atlantic "the sum of $1,417.80, all bearing interest at the rate of 12% from the date of Judgment, plus costs expended herein, until the Judgment is satisfied."

17.     At no time between June 16, 2015 and the date of this Complaint did Atlantic prepare and serve a bill of costs in accordance with Ky. R. Civ. P. 54.04 in order to recover any sum certain of court costs in obtaining the Judgment.

18.     On July 7, 2015, Atlantic recorded a notice of judgment lien (the "Judgment Lien") with the County Clerk of Warren County, Kentucky pursuant to the Judgment in accordance with KRS 426.720, paying a fee of $13.00 to the County Clerk for doing so. A copy of the Judgment Lien is attached hereto as Exhibit "B."

19.     The Judgment Lien states that $1,551.30, plus interest, is due and owing on the Judgment as of the date the Judgment Lien was recorded, or $126.50 more than the amount of the Judgment.

20.     Upon information and belief, the added amount of $126.50 represents Atlantic's self-awarded "costs expended" in the State Court Suit, together with the $13.00 fee for recording the Judgment Lien.

21.     On March 3, 2016, Atlantic filed a wage garnishment in an attempt to collect the Judgment. On March 23, 2016, Atlantic filed two non-wage garnishments, the first directed to Fifth Third Bank and the second to Fort Campbell Federal Credit Union, in an attempt to collect the Judgment. Copies of the Garnishments are attached hereto as Exhibit "C."

22.     The "Amount Due" on the Judgment as stated on the Garnishments was $1,562.69. This represents $144.89 more than the amount due and owing on the Judgment as of the date it was entered.

23.      Upon information and belief, the additional amount of $144.89 represents Atlantic's self-awarded "costs expended" in the State Court Suit, its lien recording fee, its statutory fee of $10.00 to the garnishee(s) in the Garnishments prescribed by KRS 425.501(3), and/or unspecified interest, fees, costs, or expenses.

24.     Atlantic attempted to collect on the Judgment from Ms. Kirkwood by means of the Garnishments even though it has never filed and served a bill of costs pursuant to Ky. R. Civ. P. 54.04, and even though some of the collection expenses Atlantic sought to collect are not recoverable under Kentucky law.

25.     Atlantic collected funds from Ms. Kirkwood pursuant to the Garnishments. Upon information and belief, Atlantic applied some or all of the funds collected from Ms. Kirkwood to recovery of its court costs or collection expenses, even though it had not followed the procedure mandated by Kentucky law and court rule for being awarded its allowable court costs.

26.     Atlantic's $13.00 lien recording fee pursuant to KRS 64.012, and its $10.00 fee to the garnishees in the Garnishments pursuant to KRS 425.501(3), are statutorily set fees paid to parties other than the officers of the court, and hence neither is a court cost recoverable from Ms. Kirkwood under Ky. R. Civ. P. 54.04 and KRS 453.040.

27.     As a pattern and practice Atlantic has collected or attempted to collect court costs and other litigation expenses pursuant to judgments it obtained against numerous Kentucky consumers for "debts" within the meaning of the FDCPA that it had no legal right to collect under Kentucky law.

## CLASS ALLEGATIONS

28.     Plaintiff Demetrice Kirkwood ("Kirkwood") brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated comprised of the following persons (jointly, "the Classes"):

**Class One:** All Kentucky consumers against whom Defendant Atlantic Credit & Finance Special Finance Unit III, LLC ("Atlantic"), or its agents, employees, or representatives, within one year of the date of filing this complaint, illegally collected or attempted to collect court costs from the consumer where the judgment did not award Atlantic its court costs, and/or without first filing and serving a bill of costs with the court and obtaining a supplemental judgment for costs as required by Ky. R. Civ. P. 54.04.

**Class Two:** All Kentucky consumers against whom Defendant Atlantic Credit & Finance Special Finance Unit III, LLC ("Atlantic"), or its agents, employees, or representatives, within one year of the date of filing this complaint, illegally collected or attempted to collect litigation or collection expenses which it was not entitled under Kentucky law to recover as costs from the consumer, including, but not limited to, lien recording fees and statutory garnishee fees prescribed by KRS 425.501(3).

29.     This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2) and actual damages be awarded Plaintiff and all members of the Classes for Atlantic's violations of the FDCPA.

30.     This action also seeks injunctive relief enjoining Atlantic from seeking to collect or collecting court costs and other collection expenses it has no legal right to collect or attempt to collect from consumers pursuant to judgments obtained in the courts of the Commonwealth of Kentucky.

31.     The proposed Classes as set out *supra* and so represented by Plaintiff Demetrice Kirkwood in this action, and of which she herself is a member, consists of those persons defined above which are so numerous that joinder of individual members is impracticable.

32.     Plaintiff's claims are typical of the claims of the proposed Classes as set out *supra*.

33.     There are common questions of law and fact applicable to the members of the proposed Classes in this action that relate to and affect the rights of each member of the proposed classes, and the relief sought is common to the entire proposed classes. In particular, all members of the proposed Classes have the same issues of law in common:

(a) Whether Atlantic had the right to collect or attempt to collect from consumers court costs expended in obtaining Kentucky state court judgments when the judgment against the consumer did not award Atlantic its court costs;

(b) Whether Atlantic acted illegally in attempting to collect court costs or post judgment collection expenses without first filing and serving a bill of costs as required by Ky. R. Civ. P. 54.04;

(c) Whether Atlantic had the right to collect or attempt to collect from consumers lien recording fees, garnishee fees as prescribed by KRS 425.501(3), and other post-judgment collection expenses.

34.     There is no known conflict between Plaintiffs and any other members of the proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

35.     Plaintiffs are the representative parties for the proposed Classes and are able to, and will, fairly and adequately protect the interest of each of the proposed Classes.

36.     Plaintiffs' attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

37.     Plaintiffs' attorneys have successfully represented other claimants in similar litigation.

38.      The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Classes creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

39.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

40.     This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

41.     The identity of each individual member of the proposed classes can be ascertained from the books and records maintained by Defendant.

42.     Because many of the persons who comprise the proposed classes in this case

may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

43.     The above-described actions by Atlantic Credit & Finance Special Finance Unit III, LLC ("Atlantic") constitute violations of the Fair Debt Collection Practices Act.

44.     Defendant Atlantic's violations of the FDCPA include, but are not limited to, the following:

A.     Violation of 15 U.S.C. 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt;

B.     Violation of 15 U.S.C. 1692e(2)(A) by the false representation of the character, amount, or legal status of any debt;

C.     Violation of 15 U.S.C. 1692e(2)(B) by the false representation of compensation which may be lawfully received by any debt collector for the collection of a debt;

D.     Violation of 15 U.S.C. 1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken;

E.     Violation of 15 U.S.C. 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt;

F.     Violation of 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

G.     Violation of 15 U.S.C. 1692f(1) by the collection or attempt to collect an amount

(including any interest, fee, charge, or expense incidental to the principal obligation) when such amount is not expressly authorized by an agreement creating the debt or permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Demetrice Kirkwood requests the Court grant her relief as follows:

a.    Award the maximum amount of statutory damages for each member of the proposed Class One and Class Two (jointly, "the Classes") provided under 15 U.S.C. §1692k;

b.    Award Plaintiff Demetrice Kirkwood and the members of the proposed Classes their actual damages for court costs and unauthorized collection expenses paid;

c.    Issue an injunction enjoining Atlantic from: (1) collecting or attempting to collect court costs expended in obtaining judgments in District or Circuit Courts of the Commonwealth of Kentucky when the judgment against the consumer did not award Atlantic its court costs, and/or without filing and serving a bill of costs and obtaining a supplemental judgment for costs pursuant to Ky. R. Civ. P. 54.04; and (2) from collecting or attempting to collect post-judgment collection expenses, including, but not limited to, lien recording fees and garnishee fees pursuant to KRS 425.501(3), from consumers which are not recoverable as court costs under Kentucky law;

d.    Award Plaintiff Demetrice Kirkwood and the members of the proposed Classes their attorney's fees, litigation expenses and costs as provided by FDCPA;

e.    A trial by jury; and

f.    Such other relief as may be just and proper.

Submitted by:

/s/ James McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyconsumerlaw.com